**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Russell Todd Leff,<br><br>      Appellant<br><br>v.<br><br>The Bank of New York Mellon,<br><br>      Appellee | Case No.: 2:25-cv-00664-JAD<br><br>**Order Granting Motion to Correct Caption, Granting Motion to Extend Briefing Schedule, and Denying as Moot Motion for Status Update and Expedited Ruling**<br><br>[ECF Nos. 5, 6, 9] |

      Appellant Russell Todd Leff appeals a March 21, 2025, order of the Bankruptcy Court for the District of Nevada overruling Leff's objections to two creditor claims related to his mortgage. He moves to correct the appellate caption to add NewRez, LLC dba Shellpoint Mortgage Servicing (NewRez) and Specialized Loan Servicing, LLC (SLS), arguing that those parties filed the at-issue claims "in the name of The Bank of New York Mellon fka The Bank of New York as Trustee for the Certificateholders of CWALT, Inc., Alternative Loan Trust 2005-38, Mortgage Pass-Through Certificates, Series 2005-38" and thus must also be named as appellees.[1] New York Mellon has not responded to that motion. In the absence of a response and to ensure that all necessary parties are joined in this action, I grant Leff's request and direct the Clerk of Court to add NewRez and SLS as appellees. I express no opinion on whether that joinder is ultimately proper—if the parties believe NewRez and SLS do not belong in this appeal, they must file a motion for relief explaining why that is so.

---

[1] ECF No. 5 at 2.

Leff also moves "to clarify and extend briefing schedule" under Federal Rule of Bankruptcy Procedure (FRBP) 8018(a)(1).[2] He notes that the court in this case entered an order on May 2, 2025, setting a 14-day deadline for Leff to file his opening brief.[3] But, he contends, FRBP 8018(a)(1)—the bankruptcy rule that governs appellate briefs—contains a more generous 30-day deadline. Leff requests that this court impose the 30-day deadline, arguing that the 14-day briefing schedule isn't compliant with FRBP 8018 and that the shortened deadline prejudices him.[4] He also notes that, while the docket reflects that the minute order was filed on May 2nd, it also suggests that the order wasn't "entered" until May 8th.[5] So, because his deadline was calculated from the May 2nd date, not the May 8th date, the court really only gave him 8 days to file his brief. On the court-imposed deadline, Leff filed an opening brief "under protest," referencing the pending motions to update the caption and extend the briefing deadline.[6]

Leff's FRBP 8018(a)(1) argument is unpersuasive. That rule establishes a briefing schedule unless the court, "by order in a particular case . . . sets a different time . . . ."[7] The minute order setting a 14-day deadline is such an order setting a different deadline, and thus falls within the discretionary authority that FRBP 8018 grants=s the court to manage its docket. Nevertheless, in light of Leff's pending motion to update the caption and the confusion concerning when the court's scheduling order hit the docket, I find good cause to extend Leff's deadline. Leff may file an amended opening brief by June 25, 2025. And because this order

---

[2] ECF No. 6.
[3] ECF No. 4.
[4] ECF No. 6 at 2.
[5] *Id.* at 2–3.
[6] ECF Nos. 7, 8.
[7] Fed. R. Bankr. P. 8018(a)(1).

resolves Leff's substantive motions, I deny as moot his motion for a status update and expedited briefing.

## Conclusion

IT IS THEREFORE ORDERED that Russell Todd Leff's motion to correct appellate caption **[ECF No. 5] is GRANTED**. **The Clerk of Court is directed to add NewRez, LLC dba Shellpoint Mortgage Servicing and Specialized Loan Servicing, LLC to the case caption** as appellees.

IT IS FURTHER ORDERED that Leff's motion to extend the briefing schedule **[ECF No. 6] is GRANTED.** Leff may file an amended opening brief by **June 25, 2025**. Appellees' answering brief is now due on **July 9, 2025**. Leff's response brief will be due on Wednesday, **July 23, 2025**.

IT IS FURTHER ORDERED that Leff's motion for a status check and expedited ruling **[ECF No. 9] is DENIED as moot.**

_____
U.S. District Judge Jennifer A. Dorsey
June 11, 2025