**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Russell Todd Leff,

      Appellant

v.

The Bank of New York Mellon, et al.,

      Appellees

Case No.: 2:25-cv-00664-JAD

**Order Denying Appellant's Motions for Summary Disposition and to Require Appellees to Prove Authority, Standing, and Real-Party-in-Interest Status**

[ECF Nos. 15, 23]

Pro se appellant Russell Todd Leff challenges the bankruptcy court's decision overruling his objections to proofs of claim filed by The Bank of New York Mellon in Leff's Chapter 13 bankruptcy proceedings. Leff filed this appeal on April 7, 2025, but the Bank of New York Mellon and NewRez, LLC d/b/a Shellpoint Mortgage Servicing and Specialized Loan Servicing LLC did not appear to answer the appeal until November 2025. So in September, Leff filed a "motion for summary disposition or default judgment," asking this court to "decide the appeal on [his] unrebutted filings and the record."[1] And on December 2, 2025, Leff filed a "motion to require appellees to prove authority, standing, and real-party-in-interest status before participating in this appeal."[2] I granted the appellees' motion for an extension of time to file an answering brief and a response to Leff's default-judgment motion, and Leff's appeal is now fully briefed.

I deny Leff's motions. Summary disposition or default judgment is not appropriate because the appellees have appeared and filed an answering brief in this action. And Leff has

---

[1] ECF No. 15 at 3.

[2] ECF No. 23.

not shown that this court can or should expand the record on appeal, or require the appellants to provide evidence that was not considered by the bankruptcy court.  This court will decide the pending appeal based on the opening brief, answering brief, reply, and any exhibits that are properly a part of the appellate record.

**Discussion**

**A.      The appellees have filed an answering brief, so default judgment or summary disposition is not available.**

Before the appellees appeared in this case, Leff filed a motion for summary disposition or default judgment under Federal Rule of Bankruptcy Procedure (FRBP) 8018(a)(2), asking that this court resolve the appeal upon consideration of his brief alone.  But FRBP 8018(a)(2) merely states that "the appellee must serve and file a brief within 30 days after the appellant's brief is served" unless "the district court . . . by order excuses the filing of briefs or sets a different time."[3]  FRBP 8018(a)(4) sets out the consequences for failure to file, stating that "[a]n appellee who fails to file a brief will not be heard at oral argument unless the district court . . . grants permission."[4]

I find that summary disposition or some other sanction on the appellees is not warranted in this case.  Though appellees didn't appear to defend this appeal for an inexplicably long time, they have since appeared, responded to Leff's motions, and filed an answering brief with an appendix of exhibits.  And I granted appellees' an extension of time to file all of those documents.[5]  Leff's appeal is now fully briefed, and it is this court's preference to resolve issues

---

[3] Fed. R. Bankr. P. 8018(a), (a)(2).

[4] Fed. R. Bankr. P. 8018(a)(4).

[5] ECF No. 33.

on their merits whenever possible.  So, because "summary dismissal in this situation does not further the goal of 'the swift and efficient resolution of disputes pertaining to the distribution of the bankruptcy estate,'" I deny Leff's motion for summary disposition.[6]

**B.      Leff's motion to require appellees to prove standing is denied.**

Leff also moves "to require appellees to prove authority, standing, and real-party-in-interest status before participating in this appeal."[7]  He contends that the appellees never proved various facts in the bankruptcy proceedings that call into question their standing to file proofs of claims in those proceedings.  Leff asserts that the appellees waived their opposition to his standing arguments by failing to file a response brief.  He asks that the court order appellees to produce "evidence of note possession, or a lost note affidavit; complete chain of title from origination to present; servicer authority documentation for Shellpoint; explanation of IRS Form 1098 reporting contradictions; and affidavit from a competent witness under penalty of perjury."[8]

Leff has not shown that it is appropriate to expand the record at this appellate stage of his bankruptcy case.  The record on appeal is limited to evidence that was presented to the bankruptcy court in the first instance and the documents discussed in FRBP 8009.[9]  That rule has no provision for expanding the record with new evidence on appeal.  So I conclude that this court lacks the authority to order the production of new evidence.  I also note that the arguments Leff advances to support his request for production overlap with his arguments supporting his

---

[6] *In re Beachport Ent.*, 396 F.3d 1083, 1088 (9th Cir. 2005) (quoting *Zer-Ilan v. Frankford (In re CPDC Inc.)*, 221 F.3d 693, 700 (5th Cir. 2000)).

[7] ECF No. 23.

[8] *Id.* at 6.

[9] *See* Fed. R. Bank. P. 8009.

appeal.[10]  If Leff's arguments for standing are valid, the court will decide them when resolving Leff's appeal on its merits.  So his motion to require the appellees to produce various documents that were not in the bankruptcy record is denied.

**Conclusion**

IT IS THEREFORE ORDERED that Russell Todd Leff's motion for summary disposition or default judgment **[ECF No. 15] is DENIED**.

IT IS FURTHER ORDERED that Leff's motion to require appellees to prove authority, standing, and real-party-in-interest status **[ECF No. 23] is DENIED.**

_____
U.S. District Judge Jennifer A. Dorsey
June 8, 2026

---

[10] *Compare* ECF No. 23 *with* ECF No. 11 (raising standing throughout opening brief).